**Opinion filed March 14, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00050-CR

_____

## IN RE LIVAN OTERO RODRIGUEZ

## Original Proceeding

## M E M O R A N D U M   O P I N I O N

Relator, Livan Otero Rodriguez, has filed this original proceeding pro se seeking relief against the Ector County District Attorney's Office (Respondent). According to Relator's petition for writ of mandamus, he was indicted by an Ector County grand jury for various offenses on July 13, 2015, and November 6, 2017. Relator requests this court "to order the District Attorney's Office of Ector County, Texas to disclose" or produce "the Grand Jury panel composition and sequence of the Indictments."

To be entitled to mandamus relief, a relator must establish that: (1) the act sought to be compelled is a ministerial act not involving a discretionary or judicial

decision; and (2) there is no adequate remedy at law to redress the alleged harm. *In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding).

This court's authority to exercise original jurisdiction is limited. *See* TEX. CONST. art. V, §§ 5, 6 (intermediate courts of appeals only have original jurisdiction as prescribed by law); TEX. GOV'T CODE ANN. § 22.221 (West Supp. 2023) (limited writ powers granted to courts of appeals). We do not have writ jurisdiction over a district attorney's office unless it is necessary to enforce our jurisdiction in another proceeding. GOV'T CODE § 22.221.

Relator has not demonstrated that our jurisdiction is implicated here, or that the Ector County District Attorney's Office is a party against whom we may issue a writ under the circumstances. Because Relator's requested relief does not involve matters that are necessary to enforce our own jurisdiction, we do not have mandamus jurisdiction over the District Attorney's Office in this proceeding. As a result, we have no jurisdiction as an intermediate appellate court to address this original proceeding. Accordingly, the petition is dismissed for want of jurisdiction.


W. BRUCE WILLIAMS
JUSTICE


March 14, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.